Curia per
JOHNSON, J.
The grounds of this motion involve but two questions : ist. whether the plaintiff was entitled to recover interest on his demand, and 2ndly, Whether the defendant could, by wav of discount, set-off *394 against this action tbe debt due to him from Rap el eye, Bennett, & Co..
With respect to the first, there exists no doubt. For-mei'ly there was some diversity of opinion as to the cases in which interest was allowed, and cases may be found in which the Court has gone a great way in supporting claims for interest, but the whole current of the more recent cases has been opposed to allowing it on unliquidated demands, except in cases where the defendant has been guilty of fraud or imposition, or taken an undue advantage of the plaintiff, and of money lent or actually had and received. Between this rule and the allowance of it in every case where the time of payment is ascertained, there is no medium, and the Courts have so uniformly set their faces against its indiscriminate allowance, that to unsettle the law now, would take the whole community by surprise. Bulow vs. Godard, 1st. Nott & M'Cord, 45; Rose & Rogers vs. Beatty, 2 Nott & M’Cord, 538; There is,also alate case on this subject, decided, I think, at the last sitting in Columbia, the title not recollected. On looking into the circumstances of the ease, I have not been able to discover in them anything calculated to take it out of the general rule that an unliquidated demand will not bear interest. It appears to have been a contract in the ordinary course of business to pay for goods purchased at Vendue, and they were delivered to the defendant on the faith that he would pay the money when called upon, but which he has neglected to do, and such is in effeet the legal operation of every contract to pay money on a day certain. In this respect, therefore, the verdict is wrong.
In relation to the second question, the following legal conclusions are, Tthinlc, fully sustained by the cases cited at the bar, and will be conceded — 1st. That, if an agent sell without disclosing the name of his principal, he will,, in respect to the purchaser, be regarded as the principal r *395 iádly-. That, to an action arising on the contract of the agent, the purchaser may in general set off a debt due by the agent’to himself-. The reason of these r iles aré founded in the security and protection which they afford against secret and fraudulent combinations to do injuries to others, and against which no human foresight or prudence could guard, but for the shield which they furnish; but when they have had their legitimate operation they are functus officio, and it will not be permitted that, in the hands of those who were protected by them, they should be converted into a sword to inflict on another the very wound they were designed to prevent. Why is it, that when the name of the principal is not disclosed, the law regards the agent in that character ? For the obvious reason, that the party contracted with cannot, by any probability, know that any one else has an interest in the thing contracted about, and acting upon the belief, it would be unreasonable that he should not have the benefit of any thing done in pursuance of it. If, for instance, he had paid money on the faith of such contract, or incurred responsibilities for the agent, or in fine, had done any other act which would place him in a worse situation than he would have been if he had known the, agency, then he would be protected, but surely not otherwise. Let us then examine the case under consideration with reference to this principle. Rapsleye, Bennett & Co. sold the goods of the plaintiff to defendant without disclosing their agency and according to the rule, the defendant was entitled to regard them as principals. They failed in trade, and the amount being unpaid, they turned over this demand to the plaintiff, and the defendant then had notice of the agency. Supposing this to be the whole case, is there any question that the plaintiff is entitled to recover ? The defendant had received the goods, and in good faith and common honesty, he was bound to pay *396 for them, and the plaintiff was entitled to receive it, ana' from the time of the notice, the defendant’s liability must have attached. But, it is said, that the defendant fias a' right to set off a demand which he has against the agent to this action, under the second rule which has been conceded; and it is true, that at the time this action was brought, that demand ivas well founded; but on examining all its features, it will be found to work a manifest injustice to the plaintiff, and cannot, therefore, be covered by the rule. That demand, it will be recollected, originated in an accommodation indorsement made by defendant, for Rapeleye, Bennett & Co»- and of course gave him no claim against them until he had actually paid the money. This was not done until some time after he had notice of the agency, and when, as I conclude, his-liability to the plaintiffs had attached of necessity ; therefore, it could not be set off against this demand. Again, admitting that Rapeleye, Bennett & Co. were, at the time the goods were sold, under a moral liability to the defendant, yet it is manifest that the defendant did not make the purchase in reference to it. He know that they were vendue-masters, and that their principal dealings were in the goods of others, and the sale being for cash, was wholly inconsistent with any protection which such a contract could afford him against his liability or loss; so that in any view of the case the situation of the defendant, with respect to the plaintiff, is precisely the same as if he had known of the agency of Rapeleye, Bennett & Co. at the time of the sale. He had not, therefore, at the time he liad notice, paid money, incurred responsibilities, or done any other act which placed him in a worse situation than he would have been, if he had known of the agency at the time of the sale. There is another view of this ease. It will not be controverted that a principal has the power to revoke a mere naked agency *397 ad libitum, or that after notice of such revocation, the agent cando no act which will bind the principal. Now the agency confided to Rapt leve, Bennett & Co. by the plaintiff ’s intestate, was to sell the goods and receive the money. They had executed this trust so far as related to the sale of the goods and according to this rule, the plaintiff’s intestate had the right to stop their agency there. If it be objected that the agency committed to them was coupled with an interest, so far as regarded their .commissions, the answer is, that by turning over the account to plaintiff’s intestate, they had abandoned that interest, and it did not lie in the mouth of the defendant to gainsay it, and if, as I think, the agents were under no legal liability at the time to the defendant, they' were uninjured by it, and the circumstances amounted to a relinquishment of the agency on the part of the agent, and a revocation by the principal, and their rights are to-be judged of according to the state of things existing at the time. It is for these reasons ordered and adjudged that ■a new trial be granted, unless the plaintiff remit the interest found by the Jury, and that in the event of his doing so, the verdict shall stand as to the rest.

Nero trial granted nisi: